McCunn, J.
This is an action for damages for defacing a note,, by the paying teller of the bank writing on ithe face thereof the words “payment stopped,” in pencil, as an answer to a demand of payment on the day it became due.
It is admitted in the complaint, that the writing complained of was made on the day of the maturity of the note, and the evidence is that the day previous to its maturity payment had been stopped; so that we have the undisputed fact that on that day, the day it matured, the character of the note was Axed, and subsequent purchasers must take it subject to all equities. The writing on the face did not in anywise change the condition of the parties to the instrument, or diminish its value. It was the record of a fact which any purchaser had a right to know; and the concealment of which, if it had not been so recorded, would have been a fraud on such purchaser.
The writing of the words “ payment stopped,” upon a note payable at a bank, simply announces the intention of the maker that his funds in that bank shall not be applied to the payment of the paper, and does not necessarily discredit the note, nor import that he will not provide for it at some other place, especially when we take into consideration that the defendants’ bank was merely the agent of the maker, and as such agent could not be sued as'long as it disclosed its principal. This is a well established rule of law. Again, the indorsement, in pencil, of the words complained of, does not affect the liability of the maker or indorser. Destroying or defacing a written contract does not affect the liability of the parties to it. Had the *665 bank even destroyed the note, the remedy of the holder would not have been affected in the slightest degree, and even then the remedy must be against the maker, not against the bank; and, to entitle them to recover, they had only to prove its destruction and contents. This is the doctrine laid down in Edwards on Bills, (302, 303,) and adhered to through all the books.
The instant payment of the note was demanded and refused, it was dishonored, and every purchaser who took it after that time, took it subject, as I have said before, to all equities existing between the antecedent parties and maker.
It was just as valuable for the purposes of assignments as if the words were never written upon it. And as the value of the instrument, or its assignability, was not affected by the act of the defendant in marking on the note, the damage can only consist in giving notice to an intended purchaser that the maker had stopped its payment. How, apart from all other considerations, good faith and common honesty would have required the plaintiff to disclose to any purchaser that payment had been stopped, as soon as- that fact was communicated to him; and it would be stretching the rule indeed, to hold the defendant liable for giving a notice which common honesty required the plaintiff himself to give.
There is another reason why this plaintiff cannot recover. The plaintiff’s testimony is, that he purchased the note in good faith before it was due. This perfected his right of action against the maker and indorsers, who were, upon his own showing, perfectly solvent at the time the note came due, and continued so long after; and the plaintiff not having exhausted his remedy, in this respect this action must fail.
The whole theory in favor of a recovery in this case would seem more like a broad joke than a serious argu *666 ment, when you reflect that the plaintiff could have removed the marks. They were simply pencil marks, and might have been taken off' in the easiest possible manner. If the defendant had no right to place them there, the plaintiff clearly had a right to remove them.
Judgment must be ordered for the defendant.